# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>FOX BINDERY, INC. a/k/a FOX GROUP, a corporation; HENRY J. FOX, individually, and as President and/or owner of FOX BINDERY, INC.; SUN FLOWER SERVICES, INC., a corporation; and RIVERSIDE QUALITY SERVICES, INC., a corporation,<br><br>Defendants. | Civil Action No. _____ |

## COMPLAINT

Plaintiff, EDWARD C. HUGLER, Acting Secretary of Labor, United States Department of Labor ("Plaintiff" or "the Secretary") brings this action to enjoin Defendants, FOX BINDERY, INC. a/k/a FOX GROUP ("Fox Bindery"), HENRY J. FOX ("Fox"), SUN FLOWER SERVICES, INC. ("Sun Flower"), and RIVERSIDE QUALITY SERVICES, INC. ("Riverside"), collectively hereinafter referred to as "Defendants," from violating the provisions of Sections 6, 7, and 15(a)(2) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, hereinafter referred to as "the Act," and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and for additional liquidated damages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant Fox Bindery is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with an office and main place of business at 2750 Morris Road, Lansdale, Pennsylvania 19446, within the jurisdiction of this Court. Fox Bindery is headquartered at that location. Fox Bindery provides binding and finishing services. Fox Bindery is also known as Fox Group. Defendant Fox Bindery regulated the employment of all persons it employed, including workers at Fox Bindery's facility who received their pay through Sun Flower or Riverside, acted directly and indirectly in the company's interest in relation to the employees, and is thus an employer of said employees within the meaning of Section 3(d) of the Act. For example:

    A. Fox Bindery trained, supervised, and directed the work of individuals who received payment through Sun Flower or Riverside;

    B. Fox Bindery created and maintained time records for individuals who received payment through Sun Flower or Riverside.

III.

Defendant Henry J. Fox is the president and primary shareholder of Fox Bindery. Defendant Henry J. Fox has actively controlled and managed Fox Bindery, regulated the

employment of persons employed at Fox Bindery, acted directly and indirectly in the interest of the aforementioned corporation in relation to the employees, and thus is an employer of said employees within the meaning of Section 3(d) of the Act.

IV.

Defendant Sun Flower is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered address at 4852 Rorer Street, Philadelphia, Pennsylvania 19120 and an office and main place of business at 5520 Whitaker Avenue, Philadelphia, Pennsylvania 19124, both within the jurisdiction of this Court. During the relevant period, Sun Flower served as a temporary employment agency providing workers to other businesses, including Fox Bindery. Sun Flower acted directly and indirectly in the company's interest in relation to the employees, and is thus an employer of said employees within the meaning of Section 3(d) of the Act.

V.

Defendant Riverside is a corporation duly organized under the laws of the Commonwealth of Pennsylvania, with a registered address at 802 Durham Place, Bensalem, Pennsylvania 19020, and an office and main place of business at 5520 Whitaker Avenue, Philadelphia, Pennsylvania 19124, within the jurisdiction of this Court. During the relevant period, Riverside served as a temporary employment agency providing workers to other businesses, including Fox Bindery. Riverside acted directly and indirectly in the company's interest in relation to the employees, and is thus an employer of said employees within the meaning of Section 3(d) of the Act.

## VI.

The business activities of Defendants, as described, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

## VII.

At all times hereinafter mentioned, Defendants have employed and are employing employees in and about Fox Bindery's place of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees producing and handling promotional materials that are distributed throughout the country. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the Act.

## VIII.

Defendants have willfully violated the provisions of Sections 6 and 15(a)(2) of the Act by failing to pay employees working in laborer positions as machine operators, helpers, paper feeders, and working in other unskilled laborer positions, in an enterprise engaged in commerce or in the production of goods for commerce, the statutory requirement of minimum wages of at least $7.25 per hour. Therefore, Defendants are liable for unpaid minimum wages and overtime wages under Section 17 of the Act. For example:

> A. Sun Flower and Riverside knowingly paid individuals who performed work for Fox Bindery less than $7.25 per hour;

B. Fox Bindery had the ability to set the rates of pay for individuals who worked at Fox Bindery but were paid through Sun Flower or Riverside;

C. Fox Bindery made no effort to determine whether individuals who worked at Fox Bindery but were paid through Sun Flower or Riverside were paid at least the minimum wage.

IX.

Defendants have willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by failing to pay employees working in laborer positions as machine operators, helpers, paper feeders, and working in other unskilled laborer positions, in an enterprise engaged in commerce or in the production of goods for commerce, the statutory requirement of overtime compensation of time and one half the regular rate of pay. Therefore, Defendants are liable for unpaid minimum wages and overtime wages under Section 17 of the Act. For example:

A. Sun Flower and Riverside knowingly paid individuals who performed work for Fox Bindery the same hourly rate regardless of the number of hours worked in a given work week;

B. Fox Bindery reviewed, approved, and paid invoices from Sun Flower and Riverside that billed the same rate for all hours worked regardless of the number of hours worked in a given work week;

C. Fox Bindery made no effort to determine whether individuals who worked at Fox Bindery but were paid through Sun Flower or Riverside were paid time and one-half for hours worked over 40.

## X.

Since at least March 2013, Defendants have willfully violated the provisions of the Act as alleged in paragraphs VIII and IX above. A judgment permanently enjoining and restraining the violations herein alleged is specifically authorized by Section 17 of the Act.

## XII.

As a result of the violations alleged in paragraphs VIII and IX, amounts are owing for Defendants' current and former employees including the persons specifically listed in the attached Schedule A to the Secretary's Complaint.

## XIII.

A judgment granting recovery of said amounts, together with an additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 6, 7 and 15(a)(2) of the Act.

The Secretary further demands judgment pursuant to Section 16(c) of the Act, finding Defendants liable for unpaid minimum wage and overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due to

certain present and former employees listed in the attached Schedule A for the period from March 11, 2013 to March 6, 2016. Additional back wages and liquidated damages may also be owed to certain present and former employees listed in the attached Schedule A for violations continuing after March 6, 2016. Additional back wages and liquidated damages also may be owed to certain present and former employees presently unknown to the Secretary for the period covered by this Complaint.

FURTHER, the Secretary prays that this Honorable Court award costs of this action in his favor.

Respectfully submitted,

Post Office Address:

Oscar L. Hampton III
Regional Solicitor
U.S. Department of Labor
170 S. Independence Mall West
The Curtis Center-Suite 630 East
Philadelphia, PA 19106
Fax: (215) 861-5162
Phone: (215) 861-5129

Katherine E. Bissell
Deputy Solicitor of Regional Enforcement

Oscar L. Hampton III
Regional Solicitor

Jordana L. Greenwald
Attorney
greenwald.jordana@dol.gov
zzsol-phi-docket@dol.gov
PA ID #93836

Date:   February 3, 2017

U.S. DEPARTMENT OF LABOR